CHARLES O. TIMSON *vs.* ALDINE O. PARROTT.

Essex.   November 19, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract*, Validity, Consideration.

In an action on an agreement in writing to pay to the plaintiff the balance remaining unpaid on a promissory note, given to the plaintiff by a bankrupt corporation, after "a dividend" is paid on such note, there was evidence on which it could be found that the plaintiff held the promissory note of the defendant for $150, that, at the request of the defendant, he surrendered this note and

received instead the promissory note of the corporation, then about to become bankrupt, for the same amount and also received the written promise of the defendant sued upon, that after proceedings in bankruptcy the plaintiff received on the note of the bankrupt corporation a dividend of $15 and that the proceedings in bankruptcy were closed. It further appeared that the amount of $150 originally lent by the plaintiff to the defendant, for which the defendant's note was given, was procured for and wholly expended for the benefit of the corporation that afterwards became bankrupt. *Held,* that the contract was a valid one, the consideration for the defendant's promise being the surrender by the plaintiff of the defendant's note in exchange for the note of the corporation, and that the plaintiff was entitled to go to the jury.

CONTRACT on an alleged agreement in writing, described in the opinion, to pay the plaintiff a balance of $135 remaining unpaid on a promissory note of the Hub Curtain Company for $150. Writ in the District Court of Southern Essex dated January 23, 1915.

On appeal to the Superior Court the case was tried before *Sanderson, J.* The facts favorable to the plaintiff which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. A verdict for the defendant should be directed by the court.

"2. The plaintiff's action is prematurely brought.

"3. If the plaintiff ever lent the defendant $150, then said debt was paid by a note of the Hub Curtain Company.

"4. The allegations set forth in the plaintiff's declaration constitute a fraud and the plaintiff cannot recover on the agreement set forth in the second paragraph of his declaration.

"5. If the jury find that the plaintiff agreed with the defendant to prove in bankruptcy a claim against the Hub Curtain Company which was not a valid claim, he cannot recover in this action.

"6. The plaintiff cannot recover for money alleged to have been lent to the defendant on or about October 21, 1910.

"7. If a note was executed by the defendant to the plaintiff on or about October 21, 1910, and this note was surrendered by the plaintiff for a note of the Hub Curtain Company, then this alleged note of the defendant given on or about October 21, 1910, was paid.

"8. The plaintiff, having elected to prove his claim in bank-

ruptcy against the Hub Curtain Company, cannot press his claim against the defendant.

"9. In the absence of evidence that the plaintiff will receive no more dividends from the Hub Curtain Company's bankrupt estate, he cannot recover on the alleged agreement set forth in the second paragraph of his declaration."

The judge refused to make any of these rulings. In regard to the seventh ruling requested by the defendant the judge instructed the jury as follows: "The claim is that the corporation bought up the old note and the old note was surrendered for the purpose — one purpose, at any rate — of having the substituted note proved in bankruptcy to get a dividend, with the collateral agreement on the part of this defendant that he personally would pay any difference between the amount of the dividend and the amount due on the note. If there was such a purchase and it was a genuine transaction, a real transaction such as might take place where one man buys up a note, or buys it by giving another note for it, then from that time on the debt would be the debt of the Hub Curtain Company and not the personal debt of the defendant; and from that time on the only possible reliance the plaintiff could have on the defendant would be by reason of an agreement to pay a balance, and that would have to be based upon a consideration, and a legal consideration." The defendant excepted to this portion of the charge.

The judge submitted to the jury seven special questions, which, with the answers of the jury, were as follows:

"1. Did the defendant Parrott at any time execute and deliver to the plaintiff his personal note for the money advanced by the plaintiff for the Hub Curtain Company?" The jury answered, "Yes."

"2. Was the note in evidence given as a substitute for and in settlement of a note previously held by the plaintiff?" The jury answered, "Yes."

"3. Did the Hub Curtain Company owe the plaintiff the amount of the claim which he proved against it in the bankruptcy case?" The jury returned no answer.

"4. Did the defendant Aldine O. Parrott on or about February 24, 1911, promise the plaintiff to pay a debt due him from the Hub Curtain Company?" The jury answered, "Yes."

"5. If such a promise was made, was it in writing?" The jury answered, "Yes."

"6. If such promise was made, was there a consideration for it?" The jury answered, "Yes."

"7. Were the bankruptcy proceedings in the case of the Hub Curtain Company closed at the time this case was brought?" The jury answered, "Yes."

The jury returned a general verdict for the plaintiff; and the defendant alleged exceptions.

*J. H. Duffy,* for the defendant.

*N. D. A. Clarke,* for the plaintiff.

PIERCE, J.  The evidence taken in its aspect most favorable to the contention of the plaintiff would warrant the jury in finding that on October 21, 1910, the plaintiff lent the defendant, personally, $150 to enable the defendant to meet the payroll of the Hub Curtain Company; that a few days before the note became due the defendant asked and received an extension "because he hadn't sufficient funds to meet it;" that later the defendant telephoned the plaintiff that the Hub Curtain Company had assigned, and asked the plaintiff "to give up his personal note and accept the note of the Hub Curtain Company" in payment; that the Hub Curtain Company was "contemplating going into bankruptcy proceedings" and that the common law assignee of the Hub Curtain Company would make arrangements with the plaintiff to that effect; that the assignee, appointed in January, 1911, agreed with the plaintiff that the personal note of the defendant should be surrendered and a substituted note "drawn on the Hub Curtain Company" should be delivered to the plaintiff together with a written agreement signed by the defendant to pay the plaintiff any balance unpaid on the substituted note after "a dividend" was received; that afterwards the assignee gave and the plaintiff received the note of the Hub Curtain Company as a substitute for and in settlement of a note previously held by the plaintiff; that at the time the note of the Hub Curtain Company was substituted for the personal note of the defendant, and the last named note surrendered, as a part of his agreement the assignee gave the plaintiff a written agreement, signed by the defendant, the substance of which was that the defendant was indebted to the plaintiff in the sum of $150; that the plaintiff should give up the

personal note and accept the Hub Curtain Company's note, and that "as soon as a dividend was paid" to him the defendant would pay the plaintiff the difference between the dividend and the amount the defendant owed; that the Hub Curtain Company filed a petition and was adjudicated a bankrupt on February 6, 1911; that the petition scheduled the plaintiff as a creditor holding the bankrupt's note for $150; that on February 24, 1911, the plaintiff executed a proof of claim, which was filed and allowed; that a dividend of ten per cent was declared and paid on April 11, 1911; that no other dividend has been declared; that the defendant has not paid the balance of $135, and that the absence of evidence of other proceedings in the bankruptcy court warrants a finding that the proceedings in that court were closed at the time this action was brought.

Upon the above alleged facts, many of which are disputed by the defendant, the judge rightly could not have directed a verdict for the defendant. The surrender of the individual note of the defendant for the note of the bankrupt Hub Curtain Company was in itself a consideration for the written promise of the defendant to pay the plaintiff the difference between a declared dividend and the amount owed the plaintiff, $135, "as soon as a dividend was paid" the plaintiff. There is no evidence in the record that the note of the Hub Curtain Company was given the plaintiff without the authority of the company. Indeed, the contrary may be inferred readily from the undisputed fact that the money obtained from the plaintiff was procured and used for the direct benefit of the company. Manifestly the fund available to the general creditors of the company could not be affected by the substitution of the plaintiff as a creditor in place of the defendant, if the amount owed the defendant was equal to or more than the obligation in its substituted form.

The action was not prematurely brought, in that it could rightly be found that the proceedings in bankruptcy had been closed before the action was brought; as also that the written agreement is to pay as soon as "a dividend" is paid and not when all proceedings have closed.

The remaining requests were refused rightly and are covered by what has been said concerning the motion to direct a verdict.

*Exceptions overruled.*